UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                              )<br>)<br>NICHOLAS MORTON                  ) | Cr. 09-97-01-JL |

**AMENDED ORDER OF FORFEITURE
AS TO $4,811.76 IN U.S. CUSTODY, IN PARTIAL
SATISFACTION OF $37,125 MONEY JUDGMENT**

On September 2, 2012, the defendant, Nicholas Morton entered into a plea agreement in which he pleaded guilty to counts One, Two and Seven contained in the Superseding Indictment. Count Seven alleged a conspiracy to launder monetary instruments.  Docket Number ("DN") 200.

Morton agreed to forfeit to the United States, as a substitute asset, all of his interest in any asset that has a value equal to or more than one thousand United States dollars.  DN 200 at 11.  Morton also agreed to waive his right to have the Court separately determine the forfeiture of substitute property under 21 U.S.C. § 853(p)(2) and Fed. R. Crim. P. 32.2(e).  Id. at 10-11. *Morton further agreed to waive any defenses to the forfeiture of the substitute asset and agreed to the entry of an order by this Court forfeiting said property*.  Id. at 11 (emphasis added).

Morton was sentenced on January 6, 2011.  The judgment included a final order of forfeiture imposing a $37,125.00 money judgment.  DN 224.  Pursuant to Fed. R. Crim. P. 32.2(e), the Court retains jurisdiction over this case to amend the order of forfeiture "at any time to include substitute property that qualifies for forfeiture under an applicable statute."

The United States now moves to amend the final order of forfeiture to include $4,811.76 in United States custody, in partial satisfaction of the money judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Nicholas Morton's interest in $4,811.76 is hereby forfeited to the United States in partial satisfaction of the $37,125.00 money judgment. The forfeited $4,811.76 is already in the custody of the United States.

2. The United States shall provide written notice to known potential claimants and shall publish notice of the Order of Forfeiture and of its intent to dispose of the above-described property in such a manner as the United States Attorney General may direct. This publication shall include notice of this Order and the intent of the United States to dispose of the property in such a manner as the laws of the United States may permit. Any persons, other than the defendant, Nicholas Morton, asserting a legal interest in the above-described assets shall, within thirty (30) days of the final publication date of the Legal Notice, or on receipt of direct written notice thereof, whichever is earlier, petition this Court for a hearing to adjudicate the validity of the alleged interest in the property. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the property, the time and circumstance of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The petitioner and his/her attorney shall send a copy of the petition to Robert J. Rabuck, Assistant U.S. Attorney, United States Attorney's Office, 53 Pleasant Street, Concord, NH, 03301.

3. If petitions are filed, upon adjudication of the ancillary proceeding, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which any/all third-party claims will be addressed.

4. The Clerk shall send copies of this Amended Order of Forfeiture to the United States Probation Office and counsel for all parties, and shall send two certified copies of this Amended Order of Forfeiture to the United States Attorney's Office.

Entered this 30th day of October, 2012

_____
United States District Judge